MIKE R. O'HERN v. STATE.

No. A-2195. Opinion Filed September 19, 1916.

(159 Pac. 938.)

1. **BASTARDS—Presumption of Legitimacy.** The presumption in law is that where the husband had access to the wife, a child born in wedlock is legitimate. And the presumption of nature is, that no able-bodied husband will sleep with a stout, buxom young wife for five months, and during all that time ''waive'' intercourse.

2. **ADULTERY — Indictment—Sufficiency.** An information which attempts to charge adultery, but wholly fails to allege in any way that the intercourse was voluntary, is fatally defective. That ingredient in the statutory definition of adultery is not accidental, but is one of the essential ingredients which distinguishes that offense from other sexual crimes, and cannot be supplied by presumption or intendment, for the presumption is greater that a woman will resist illicit sexual intercourse than it is that she will voluntarily submit.

*Error from District Court, Beaver County;*
*R. H. Loofbourrow, Judge.*

Mike R. O'Hern was convicted of crime, and he brings error. Reversed.

*C. B. Leedy,* of Arnett; *Charles Swindall,* of Woodward, and *J. W. Culwell,* of Beaver, for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J. In this case the plaintiff in error, defendant below, was convicted of adultery, and sentenced to pay a fine of $250. The facts in this case are very remarkable, and the record, instead of lending color to a prosecution begun in good faith, and for the purpose of vindicating the law, and exalting

the dignity of the home and the sanctity of the marital relation, bears the earmarks of a shameless scheme to disgrace the home, to bastardize a defenseless child, and to sacrifice all that is sacred and holy, to enhance the prospect of obtaining a few dollars. The record shows that the husband, the prosecuting witness in this case, before filing this action commenced a $10,000 damage suit against the defendant for alienating his wife's affections. And yet this injured husband and this estranged wife were still living and cohabiting together, and conjointly swear that one of their defenseless children is a bastard, the offspring of an illicit intercourse between the defendant and the prosecuting witness' wife. This poor child was begotten in May, 1910. The husband slept with the wife, and had access to her, not only in May, 1910, but at all other times. She was a young, buxom, 180-pound woman; he an able-bodied farm hand. Yet they swear that because of a derangement of the stomach, he scrupulously "refrained" from and "waived" intercourse from February to July, 1910, and thus attempt to fasten the stigma of illegitimacy upon their defenseless offspring. The presumption in law is that where the husband had access to his wife, the child is legitimate; and this defenseless child is entitled to the benefit of this presumption. Besides, the presumption of nature is that no man that has sufficient stomach to enable him to do the work of a farm hand will sleep with a stout buxom young wife for five months and during all that time "waive" sexual intercourse. And in the eyes of every man this child will also have the benefit of this presumption as to its legitimacy.

Besides, the husband, the prosecuting witness in this case, seems to regard intercourse with his wife as a commodity, which created a debt in his favor, which he had a right to collect, as a butcher would an ordinary meat bill. And before beginning any action, in an attempt to collect this debt, he wrote a long letter to the defendant, which is in part as follows:

"Ivanhoe, Okla. Sept. 25-11.

"Mr. M. R. O'Hern. We received your letter a few days ago and will say in reply to your threats & your witnesses you have

no witness nor can you get any that is a made up lie & you know it & so do i know it. Do you think that your lies, bluffs & undermining work will pay that det that you justly owe if you do your mistaken there is only one way to settle it & that is to come up & see me & i think we can settle it all right, but if you think your bluffs will pay the det all right, but i have set my determination on this matter & shall carry it to the end & will watch for my chance to fight for my rights as long as i may live & i will see that you pay this det. * * * "

And when he failed to collect the debt, which he assumed O'Hern owed him by reason of his alleged intercourse with his wife, he filed his $10,000 damage suit, and later filed this action.

2. There are a number of errors assigned, but it will not be necessary to consider them all. The first is lodged against the sufficiency of the information, and, we think, is well taken. The charging part of the information is that Mike R. O'Hern—"did unlawfully and feloniously commit the crime of adultery with one Jeanette Culbertson, who was then and there the lawful wife of Casner N. Culbertson, by then and there having carnal knowledge of the body of the said Jeanette Culbertson, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

Section 2431, Revised Laws 1910, defines adultery as:

"The unlawful voluntary sexual intercourse of a married person, with one of the opposite sex. * * * "

It is clear, that in this information one of the essential ingredients which distinguishes the offense sought to be charged from other sexual crimes is totally absent. There is nowhere in the information any sort of allegation that the intercourse was voluntary. That ingredient in the statutory definition of adultery is not accidental, but is one of the ingredients that essentially distinguishes this crime from that of rape. And it is as important that the pleader in charging adultery should make this distinction, and allege in some way that the intercourse was voluntary, as it is in pleading rape to allege that the intercourse was accomplished by force and violence. The mere

naming the offense, adultery, or rape, does not charge the crime; but it is the facts pleaded, the acts alleged to have been done, that fixes the status of the crime, binds the state, and puts the defendant no notice as to what he may expect to meet and defend against. Suppose the pleader had said:

"Mike O'Hern did unlawfully and feloniously commit the crime of rape with one Jeanette Culbertson, who was then and there the lawful wife of Casner N. Culbertson, by then and there having carnal knowledge of the body of the said Jeanette Culbertson."

Would it be contended for a moment that that would be sufficient to charge the offense of rape? Why not? Because the essential ingredient which distinguishes rape from other sexual crimes is absent. But if we should sanction the information in this case under it, the state would be as much at liberty to prove the intercourse was accomplished by force and violence as it would to prove it was voluntary; for in it the state is bound by no statement which indicates in the least whether the intercourse was voluntary or accomplished by force. And the law will not permit this. The allegation that the woman is married, and the wife of a certain man, does not, of itself, show the crime to be adultery, any more than rape, for that is one way of pleading that the woman is not the wife of the accused, which is a necessary allegation in charging rape.

And no presumption, or intendment, can supply the defect in this information; for if we should indulge in presumptions, then the presumption that a woman will resist illicit intercourse is much greater than the presumption that she will voluntarily submit.

We are forced to the conclusion that this information is fatally defective; and the conviction had under it cannot be sustained. The judgment is therefore reversed.

DOYLE, P. J., and ARMSTRONG, J., concur.